United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YOHONIA MARTIN,

       Plaintiff,

    v.

REDWOOD CITY DENTAL CARE,

       Defendant.

Case No.  15-cv-03151-JST

**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT AND REQUIRED TO OBTAIN LEAVE OF COURT BEFORE FILING ANY NEW ACTION**

Re: ECF No. 1

On July 8, 2015, Plaintiff Yohonia Martin filed a complaint in this Court against Redwood City Dental Care.  ECF No. 1.  On August 5, 2015, the Court granted leave for Martin to proceed in forma pauperis.  ECF No. 5. The Court dismissed the complaint with leave to amend, finding that the complaint did not expressly state any cause of action or cite to any statute or legal authority.  ECF No. 5 at 1–3.  Martin filed an Amended Complaint on August 17, 2015, ECF No. 6.  Martin subsequently filed two "Motion[s] to Submit New Evidence."  ECF Nos. 7, 8.  The Court reviewed Martin's Amended Complaint and could not discern any viable theory or ground for relief.  ECF No. 9.  The Court therefore dismissed the Amended Complaint with prejudice on September 22, 2015 and denied her "Motions to Submit New Evidence" as moot.  Id.

This is not Martin's first attempt to litigate a meritless complaint.  A search of Martin's name in the Public Access to Court Electronic Records (PACER) database reveals that this action constitutes Martin's tenth attempt to litigate in the Northern District.  Nine of Martin's complaints were dismissed for naming defendants who are immune from suit, failing to state a claim, or lack of jurisdiction.  All of her complaints were largely incoherent.

As detailed below, most of Martin's lawsuits have been meritless and frivolous.  Accordingly, the Court will issue an Order to Show Cause why Martin should not be declared a

1   vexatious litigant and required to obtain leave of court before filing any new action.

## I.   DISCUSSION

### A.   Legal Standard

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1057 (9th Cir. 2007).  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." <u>De Long v. Hennessy</u>, 912 F.2d 1144, 1148 (9th Cir. 1990).  To determine whether a litigant is "vexatious," courts consider, among other factors, the number and nature of the litigant's court filings, the litigant's motive in submitting those filings, and whether the litigant's filings have caused other parties needless expense or imposed an unnecessary burden on the courts or court staff.  <u>Molski</u>, 500 F.3d at 1057–58 (applying the factors from <u>Safir v. U.S. Lines, Inc.</u>, 792 F.2d 19, 24 (2nd Cir. 1986)).

### B.   Record

#### 1.   Wells Fargo Litigation

On January 13, 2012, Martin filed a complaint against Wells Fargo Bank ("Wells Fargo"). <u>Martin v. Wells Fargo Bank</u>, Case No.12-cv-00244-MEJ, ECF No. 1 (N.D. Cal. Jan. 13, 2012). On November 14, 2012 the parties settled.  ECF No. 43.[1]  Because of the settlement, the court dismissed the case with prejudice on February 11, 2013.  ECF No. 44.  On May 11, 2015, Martin filed three documents entitled "Request and Authorization for Expert Services," apparently seeking reimbursement for costs associated with her lawsuit against Wells Fargo.  ECF No. 50. Because the court did not retain jurisdiction when it dismissed the case with prejudice, the court denied Martin's request.  ECF No. 51.  Martin then filed a notice of appeal with the Ninth Circuit. ECF No. 52.  On August 12, 2015 the Ninth Circuit summarily affirmed the district court's decision, stating "the questions raised in this appeal are so insubstantial as not to require further argument."  ECF No. 58.

---

[1] ECF citations in this paragraph refer to <u>Martin v. Wells Fargo Bank</u>, Case No.12-cv-00244-MEJ (N.D. Cal. Jan. 13, 2012).

United States District Court
Northern District of California

On August 29, 2013, Martin, a state prisoner at the time, filed another complaint against Wells Fargo, challenging the "legitimacy of actual banking institution." Martin v. Wells Fargo Bank, Case No. 13-cv-04022-HRL, ECF No. 1 at 4 (N.D. Cal. Aug. 29, 2013).  On November 12, 2013 the court granted Martin's request to proceed in forma pauperis.  ECF No. 10. [2]  The court also dismissed Martin's complaint with leave to amend because she failed to state a cognizable claim under 42 U.S.C. § 1983.  ECF No. 9.  Martin never filed an amended complaint, and the court dismissed the case without prejudice on January 6, 2014.  ECF No. 11.

On January 6, 2014, Martin again filed a complaint against Wells Fargo.  Martin v. Wells Fargo Bank, Case No. 14-cv-00081-MEJ, ECF No. 1 (N.D. Cal. Jan. 6, 2014).  The court interpreted Martin's handwritten complaint as attempting to allege that Wells Fargo failed to comply with the terms of the parties' settlement agreement in Martin v. Wells Fargo Bank, 12-cv-00244-MEJ.  ECF No. 6 at 1.[3]  The court dismissed the complaint because the court lacked jurisdiction.  Id.  Martin then filed three handwritten letters.  ECF Nos. 7, 9, 10.  In one letter, Martin appeared to request an appeal.  ECF No. 9.  The court denied Martin's request to appeal, noting that the proper course of action was for Martin to bring her appeal before the Ninth Circuit.  ECF No. 11.

### 2.      2014 Litigation

#### a.      Green Dot Corporation

On January 14, 2014, Martin, a state prisoner at the time, filed a complaint against Green Dot Corporation under 42 U.S.C. § 1983 alleging that "the refunds in question are not being allowed by Green Dot Corporation" and that there were "three accounts that are unable to have been used for the services purchased." Martin v. Green Dot Corp., Case No. 14-cv-00206-YGR, ECF No. 1 (N.D. Cal. Jan. 14, 2014).  Martin requested $50,000 in damages.  Id.  On February 26, 2014, the court granted Martin's request to proceed in forma pauperis.  ECF No. 11.  The court dismissed the complaint with prejudice for failing to state a cognizable claim under 42 U.S.C.

_____

[2] ECF citations in this paragraph refer to Martin v. Wells Fargo Bank, Case No. 13-cv-04022-HRL (N.D. Cal. Aug. 29, 2013).
[3] ECF citations in this paragraph refer to Martin v. Wells Fargo Bank, Case No. 14-cv-00081-MEJ (N.D. Cal. Jan. 6, 2014).

United States District Court
Northern District of California

§ 1983 as the allegations involved purely private conduct.  ECF No. 12.

### 3.   2015 Litigation

#### a.   Redwood City Library

On May 1, 2015, Martin filed a complaint against the Redwood City Library.  Martin v. Redwood City Library, Case No. 15-cv-01988-KAW, ECF No. 1 (N.D. Cal. May 1, 2015). [4] Martin asserted federal question jurisdiction for alleged violations of "Freedom of Information Acts (*sic*), deprivations of right to privacy, libel, slander, and copyright violations." Id.  In her complaint, Martin made several allegations such as "[t]he evening and weekend staff of the Redwood City Library regularly charge me for items with no written closure statement[,]" and "[h]ave changed wordings of class assignment and presentations so I appear as if I am illiterate uneducated and unlearned.  Have placed messages in my essays such a sss and then the essay disappears." Id. ¶¶ 2, 5.  In her demand for relief, Martin described various issues with a laptop she checked out on April 29, 2015 and stated her claim was for emotional distress.  Id. ¶ 6.

The court granted Martin's request to proceed in forma pauperis on May 14, 2015.  ECF No. 5.  The court then dismissed Martin's complaint with leave to amend, noting that "[t]he Court cannot discern the causes of action Plaintiff intends to allege against the Redwood City Library." ECF No. 5 at 3.

Martin filed an amended complaint on August 10, 2015.  ECF No. 19.  Martin's amended complaint did not remedy the deficiencies in the first compliant, and the court dismissed the amended complaint with leave to amend.  ECF No. 24.

#### b.   Miller

Martin filed a complaint against Robert Miller on May 12, 2015.  Martin v. Miller, No. 15-cv-02136-DMR, ECF No. 1 (N.D. Cal. May 12, 2015). [5]  Martin alleged that she went to a "designated meeting place" believed to be owned by Defendant Miller.  ECF No. 1 at 1.  Martin then alleged a series of events involving an agreement about the storage of blueprints, being

United States District Court
Northern District of California

---

[4] All ECF citations in this section refer to Martin v. Redwood City Library, Case No. 15-cv-01988-KAW, ECF No. 1 (N.D. Cal. May 1, 2015).

[5] All ECF citations in this section refer to Martin v. Miller, No. 15-cv-02136-DMR, ECF No. 1 (N.D. Cal. May 12, 2015).

United States District Court
Northern District of California

arrested after Defendant's wife called the police on Martin, and then learning that the woman was not actually married to the Defendant.  Id. at 1–2.  The court granted Martin's request to proceed in forma pauperis.  ECF No. 5.  The court dismissed the case for lack of subject matter jurisdiction and because Martin failed to state a claim upon which relief could be granted, noting that "Plaintiff does not specify a cause of action against Defendant, and the court is unable to figure out what claim or claims Plaintiff seeks to allege."  Id. at 3.

On July 9, 2015, Martin filed a document labeled "Opening Brief."  ECF No. 6.  The court construed this "Opening Brief" as an amended complaint.  ECF No. 9 at 1.  Martin filed a "Motion to Amend" and a "Fact to Be Considered By The Court."  ECF Nos. 7, 8.  The court found that Martin's documents were "difficult to understand" and did not cure the defaults in the original complaint.  ECF No. 9 at 1–2.  Accordingly, the court dismissed the case.  On August 20, 2015, Martin appealed to the Ninth Circuit.  ECF No. 11.

### c.    James

Martin filed a complaint against Magistrate Judge Elena James on June 1, 2015.  Martin v. James, Case No. 15-cv-02417-PJH, ECF No. 1 (N.D. Cal. June 1, 2015).[6]  Martin filed the case in connection with Judge James' ruling in Martin v. Wells Fargo, Case No.12-cv-00244-MEJ (N.D. Cal. Jan. 13, 2012).  Martin alleged she was "pursing the answer and completion to allegations of evidence tampering, in addition to the intrusion of email addresses and or court allowed document retrieval system(s), to which plaintiff is alleging that defendant has consistently altered and replaced information to . . ."  ECF No. 1.

The court dismissed the case under 28 U.S.C. § 1915(e)(2) because Judge James is immune from civil  liability for acts performed in her judicial capacity.  ECF No. 5 at 2.  The court also stated: "Had the present action named Wells Fargo as a defendant, the court would have issued a prefiling order, but cannot do so in this case as the sole named defendant is Judge James."  ECF No. 5 at 6.  Martin filed a notice of appeal on June 22, 2015 titled "Facts To Be Considered By United States District Court."  ECF No. 8.  In her appeal, Martin referenced "the charge of

---

[6] All ECF citations in this section refer to Martin v. James, Case No. 15-cv-02417-PJH, ECF No. 1 (N.D. Cal. June 1, 2015).

Impunitive Negligence," "Involuntary servitude," and "the Anti Peon Act."  Id.  The Ninth

Circuit referred the case back to the district court to determine if Martin's in forma pauperis status

should continue.  ECF No. 11.  The court revoked Martin's in forma pauperis status because the

appeal was "frivolous and taken in bad faith."  Id. at 2.

### d.    Jakubowski

On July 6, 2015, Martin filed a complaint against Judge Susan Jackubowski stating

"Plaintiff is confused as to the documents allowed to Defendant during proceeding in case No SCS

131587."  Martin v. Jakubowski, Case No. 15-cv-03119-JSW, ECF No. 1 (N.D. Cal. July 6,

2015).[7]  Martin requested "to review audio testimony."  Id.  Martin alleged she was "charging the

claim of a racially biased decision due to demography" and "also charging the claim of Equal

Protection for or of the information used to decide case # SCS 131587."  Id.  Additionally, Martin

alleged she "has been slandered as a liar."  Id.

On September 10, 2015 the court denied Martin's request to proceed in forma pauperis.

ECF No. 7.  The court also dismissed the complaint under 28 U.S.C. § 1915(e)(2) with leave to

amend because the facts were unclear and there were not sufficient allegations to state a claim.

ECF No. 7 at 1–2.

On September 21, 2015 Martin filed an amended complaint.  ECF No. 8.  Martin did not

sign the complaint as required by Federal Rule of Civil Procedure 11.  Id.  As of October 15, 2015,

the court had not issued an order on Martin's amended complaint.

### e.    Khan

On July 23, 2015, Martin filed a complaint against Rubina Khan and Caminar Group.

Martin v. Khan et al., Case No. 15-cv-03407-YGR, ECF No. 1 (N.D. Cal. July 23, 2015) ("Case

5").[8]  The court denied Martin's request to proceed in forma pauperis without prejudice on July

30, 2015.  ECF No. 6.  On July 30, 2015, the court dismissed Martin's complaint without

prejudice under 28 U.S.C. § 1915(e)(2)(B) because Martin failed to state a legally cognizable

---

[7] All ECF citations in this section refer to Martin v. Jakubowski, Case No. 15-cv-03119-JSW, ECF No. 1 (N.D. Cal. July 6, 2015).

[8] All ECF citations in this section refer to Martin v. Khan et al., Case No. 15-cv-03407-YGR, ECF No. 1 (N.D. Cal. July 23, 2015).

United States District Court
Northern District of California

1    federal claim.  Id. at 2.  On August 10, 2015, Martin filed a document titled "Plaintiff Asking the

2    Court of Consider Facts Poverty and Allow Complaint," which the court found "largely

3    unintelligible."  ECF Nos. 7, 13.  Martin filed an amended complaint on August 27, 2015.  ECF

4    No. 8.  On September 3, 2015, the court held that it could not "determine the essential elements of

5    any cognizable federal claim" and dismissed the amended complaint.  ECF No. 13 at 2.

6                                        **CONCLUSION**

7            Given the history of Martin's interactions with this court, she may qualify as a vexatious

8    litigant.  Martin has filed at least ten complaints, nine of which were dismissed for failing to state

9    any cognizable claim and/or for lack of subject matter jurisdiction.  The remaining complaint

10   resulted in a settlement agreement, but even in that case Martin engaged in a course of frivolous

11   litigation following execution of the settlement.  Many of Martin's complaints and additional

12   materials submitted to the court have been unintelligible or frivolous.  She has filed several

13   complaints without regard to court rules.

14           On the basis of this record, the Court is considering declaring Martin a vexatious litigant

15   and ordering that her future filings be screened before docketing to determine whether they are

16   similarly frivolous and/or unintelligible.

17           Accordingly, the Court sets a hearing for **December 10, 2015** at **2:00 p.m.**, and ORDERS

18   MARTIN TO SHOW CAUSE why she should not be designated a vexatious litigant and subject

19   to a pre-filing order.  Martin may personally attend the hearing.  Alternatively, she may participate

20   at the hearing by telephone if she provides a number at which the Court may reach her not less

21   than twenty-four hours before the hearing.  She may also file a brief with the Court, explaining

22   why she should not be declared a vexatious litigant, provided that she files the brief by **November**

23   **19, 2015**.  Any such brief should respond only to this Order and her potential designation as a

24   vexatious litigant; it should not raise additional issues or address the underlying complaint in this

25   action except as necessary to respond to this Order.

26           Ms. Martin is advised that she can find helpful information for *pro se* litigants at

27   http://cand.uscourts.gov/proselitigants, including the Northern District's Representing Yourself in

28   Federal Court: A Handbook for Pro Se Litigants.  The handbook is also available free of charge at

United States District Court
Northern District of California

7

the Clerk's Office.

Ms. Martin is also encouraged to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has locations at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California and at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982.

IT IS SO ORDERED.

Dated: October 15, 2015

_____
JON S. TIGAR
United States District Judge