UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDWOOD CITY DENTAL CARE,<br><br>　　　　Defendant. | Case No.  15-cv-03151-JST<br><br>**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND SUBJECTING HER SUBMISSIONS TO PRE-FILING REVIEW**<br><br>Re: ECF No. 10 |

On October 15, 2015, the Court issued an Order to Show Cause Why Plaintiff Should Not Be Declared a Vexatious Litigant and Required to Obtain Leave of Court Before Filing Any New Action. ECF No. 10. For the following reasons, the Court hereby declares Yohonia Martin a vexatious litigant, and orders that any future complaints filed by her be screened before docketing.

**I.     BACKGROUND**

On July 8, 2015, Plaintiff Yohonia Martin filed a complaint in this Court against Redwood City Dental Care. ECF No. 1. On August 5, 2015, the Court granted leave for Martin to proceed in forma pauperis. ECF No. 5. The Court dismissed the complaint with leave to amend, finding that the complaint did not expressly state any cause of action or cite to any statute or legal authority. ECF No. 5 at 1–3. Martin filed an Amended Complaint on August 17, 2015. ECF No. 6. Martin subsequently filed two "Motion[s] to Submit New Evidence." ECF Nos. 7, 8. The Court reviewed Martin's Amended Complaint and could not discern any viable theory or ground for relief. ECF No. 9. The Court therefore dismissed the Amended Complaint with prejudice on September 22, 2015 and denied her "Motions to Submit New Evidence" as moot. Id.

On October 15, 2015, the Court issued an Order to Show Cause Why Plaintiff Should Not Be Declared a Vexatious Litigant in response to Martin's most recent complaint filed with this Court. ECF No. 10. Martin did not respond to the Order to Show Cause, nor did she appear at the

1  hearing regarding that order held on December 10, 2015.  ECF No. 17.

2  After considering Martin's filings with this and other courts, which are discussed more fully below, the Court finds that Martin's past lawsuits have been duplicative, harassing, and frivolous.  Such lawsuits needlessly use time the Court could better spend resolving meritorious claims.

## II.  DISCUSSION

### A.  Legal Standard

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990).  For that reason, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  The Ninth Circuit has established "four factors for district courts to examine before entering pre-filing orders."  Id.  "First, the litigant must be given notice and a chance to be heard before the order is entered"; second, the court "must compile 'an adequate record for review'"; third, the court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'"  Id. (citing De Long, 912 F.2d at 1147–49).  In considering the third and fourth factors, the Ninth Circuit applies the test from Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).  See Molski, 500 F.3d at 1058.

### B.  Notice

In its Order to Show Cause, the Court notified Martin that it was considering declaring her a vexatious litigant and subjecting her to a pre-filing order.  ECF No. 10.  That Order was served on Plaintiff at the address she provided to the Court.  See ECF No. 10-1.  The Order advised Plaintiff that she had until November 19, 2015 to respond to the Order to Show Cause to avoid being declared a vexatious litigant.  ECF No. 10 at 7.  The Order also provided that Martin could appear in person at a hearing on December 10, 2015.  Id.  Accordingly, the Court finds that it provided adequate notice to Martin.  See De Long, 912 F.2d at 1147 (explaining that, to satisfy the

notice requirement, "the plaintiff should be provided with an opportunity to oppose the entry" of a pre-filing order) (citing In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)).

### C. Record for Review

A search of Martin's name in the Public Access to Court Electronic Records (PACER) database reveals that this action constitutes Martin's tenth attempt to litigate in the Northern District. Nine of Martin's complaints were dismissed for naming defendants who are immune from suit, for failing to state a claim, or for lack of jurisdiction.

#### 1. Wells Fargo Litigation

On January 13, 2012, Martin filed a complaint against Wells Fargo Bank ("Wells Fargo"). Martin v. Wells Fargo Bank, No.12-cv-00244-MEJ, ECF No. 1 (N.D. Cal. Jan. 13, 2012). On November 14, 2012 the parties settled. ECF No. 43.[1] Because of the settlement, the court dismissed the case with prejudice on February 11, 2013. ECF No. 44. On May 11, 2015, Martin filed three documents entitled "Request and Authorization for Expert Services," apparently seeking reimbursement for costs associated with her lawsuit against Wells Fargo. ECF No. 50. Because the court did not retain jurisdiction when it dismissed the case with prejudice, the court denied Martin's request. ECF No. 51. Martin then filed a notice of appeal with the Ninth Circuit. ECF No. 52. On August 12, 2015 the Ninth Circuit summarily affirmed the district court's decision, stating "the questions raised in this appeal are so insubstantial as not to require further argument." ECF No. 58.

On August 29, 2013, Martin, a state prisoner at the time, filed another complaint against Wells Fargo, challenging the "legitimacy of actual banking institution." Martin v. Wells Fargo Bank, No. 13-cv-04022-HRL, ECF No. 1 at 4 (N.D. Cal. Aug. 29, 2013). On November 12, 2013 the court granted Martin's request to proceed in forma pauperis. ECF No. 10.[2] The court also dismissed Martin's complaint with leave to amend because she failed to state a cognizable claim under 42 U.S.C. § 1983. ECF No. 9. Martin never filed an amended complaint, and the court

---

[1] ECF citations in this paragraph refer to Martin v. Wells Fargo Bank, No.12-cv-00244-MEJ (N.D. Cal. Jan. 13, 2012).
[2] ECF citations in this paragraph refer to Martin v. Wells Fargo Bank, No. 13-cv-04022-HRL (N.D. Cal. Aug. 29, 2013).

3

dismissed the case without prejudice on January 6, 2014. ECF No. 11.

On January 6, 2014, Martin again filed a complaint against Wells Fargo. Martin v. Wells Fargo Bank, 14-cv-00081-MEJ, ECF No. 1 (N.D. Cal. Jan. 6, 2014). The court interpreted Martin's handwritten complaint as attempting to allege that Wells Fargo failed to comply with the terms of the parties' settlement agreement in Martin v. Wells Fargo Bank, 12-cv-00244-MEJ. ECF No. 6 at 1.[3] The court dismissed the complaint because the court lacked jurisdiction. Id. Martin then filed three handwritten letters. ECF Nos. 7, 9, 10. In one letter, Martin appeared to request an appeal. ECF No. 9. The court denied Martin's request to appeal, noting that the proper course of action was for Martin to bring her appeal before the Ninth Circuit. ECF No. 11.

### 2. 2014 Litigation

#### a. Green Dot Corporation

On January 14, 2014, Martin, a state prisoner at the time, filed a complaint against Green Dot Corporation under 42 U.S.C. § 1983 alleging that "the refunds in question are not being allowed by Green Dot Corporation" and that there were "three accounts that are unable to have been used for the services purchased." Martin v. Green Dot Corp., No. 14-cv-00206-YGR, ECF No. 1 (N.D. Cal. Jan. 14, 2014). Martin requested $50,000 in damages. Id. On February 26, 2014, the court granted Martin's request to proceed in forma pauperis. ECF No. 11. The court dismissed the complaint with prejudice for failing to state a cognizable claim under 42 U.S.C. § 1983 as the allegations involved purely private conduct. ECF No. 12.

### 3. 2015 Litigation

#### a. Redwood City Library

On May 1, 2015, Martin filed a complaint against the Redwood City Library. Martin v. Redwood City Library, No. 15-cv-01988-KAW, ECF No. 1 (N.D. Cal. May 1, 2015).[4] Martin asserted federal question jurisdiction for alleged violations of "Freedom of Information Acts (*sic*), deprivations of right to privacy, libel, slander, and copyright violations." Id. In her complaint,

---

[3] ECF citations in this paragraph refer to Martin v. Wells Fargo Bank, No. 14-cv-00081-MEJ (N.D. Cal. Jan. 6, 2014).
[4] All ECF citations in this section refer to Martin v. Redwood City Library, No. 15-cv-01988-KAW (N.D. Cal. May 1, 2015).

United States District Court
Northern District of California

1    Martin made several allegations such as "[t]he evening and weekend staff of the Redwood City
2    Library regularly charge me for items with no written closure statement[,]" and "[h]ave changed
3    wordings of class assignment and presentations so I appear as if I am illiterate uneducated and
4    unlearned.  Have placed messages in my essays such a sss and then the essay disappears."  Id. ¶¶
5    2, 5.  In her demand for relief, Martin described various issues with a laptop she checked out on
6    April 29, 2015 and stated her claim was for emotional distress.  Id. ¶ 6.

7    The court granted Martin's request to proceed in forma pauperis on May 14, 2015.  ECF
8    No. 5.  The court then dismissed Martin's complaint with leave to amend, noting that "[t]he Court
9    cannot discern the causes of action Plaintiff intends to allege against the Redwood City Library."
10   ECF No. 5 at 3.

11   Martin filed an amended complaint on August 10, 2015.  ECF No. 19.  Martin's amended
12   complaint did not remedy the deficiencies in the first compliant, and the court dismissed the
13   amended complaint with leave to amend.  ECF No. 24.

### b.    Miller

15   Martin filed a complaint against Robert Miller on May 12, 2015.  Martin v. Miller, No. 15-
16   cv-02136-DMR, ECF No. 1 (N.D. Cal. May 12, 2015).[5]  Martin alleged that she went to a
17   "designated meeting place" believed to be owned by Defendant Miller.  ECF No. 1 at 1.  Martin
18   then alleged a series of events involving an agreement about the storage of blueprints, being
19   arrested after Defendant's wife called the police on Martin, and then learning that the woman was
20   not actually married to the Defendant.  Id. at 1–2.  The court granted Martin's request to proceed
21   in forma pauperis.  ECF No. 5.  The court dismissed the case for lack of subject matter jurisdiction
22   and because Martin failed to state a claim upon which relief could be granted, noting that
23   "Plaintiff does not specify a cause of action against Defendant, and the court is unable to figure
24   out what claim or claims Plaintiff seeks to allege."  Id. at 3.

25   On July 9, 2015, Martin filed a document labeled "Opening Brief."  ECF No. 6.  The court
26   construed this "Opening Brief" as an amended complaint.  ECF No. 9 at 1.  Martin filed a "Motion

---

[5] All ECF citations in this section refer to Martin v. Miller, No. 15-cv-02136-DMR (N.D. Cal. May 12, 2015).

to Amend" and a "Fact to Be Considered By The Court." ECF Nos. 7, 8. The court found that Martin's documents were "difficult to understand" and did not cure the defaults in the original complaint. ECF No. 9 at 1–2. Accordingly, the court dismissed the case. On August 20, 2015, Martin appealed to the Ninth Circuit. ECF No. 11.

### c.     James

Martin filed a complaint against Magistrate Judge Elena James on June 1, 2015. Martin v. James, No. 15-cv-02417-PJH, ECF No. 1 (N.D. Cal. June 1, 2015).[6] Martin filed the case in connection with Judge James' ruling in Martin v. Wells Fargo, No.12-cv-00244-MEJ (N.D. Cal. Jan. 13, 2012). Martin alleged she was "pursing the answer and completion to allegations of evidence tampering, in addition to the intrusion of email addresses and or court allowed document retrieval system(s), to which plaintiff is alleging that defendant has consistently altered and replaced information to . . ." ECF No. 1.

The court dismissed the case under 28 U.S.C. § 1915(e)(2) because Judge James is immune from civil liability for acts performed in her judicial capacity. ECF No. 5 at 2. The court also stated: "Had the present action named Wells Fargo as a defendant, the court would have issued a prefiling order, but cannot do so in this case as the sole named defendant is Judge James." ECF No. 5 at 6. Martin filed a notice of appeal on June 22, 2015 titled "Facts To Be Considered By United States District Court." ECF No. 8. In her appeal, Martin referenced "the charge of Impunitive Negligence," "Involuntary servitude," and "the Anti Peaon Act." Id. The Ninth Circuit referred the case back to the district court to determine if Martin's in forma pauperis status should continue. ECF No. 11. The court revoked Martin's in forma pauperis status because the appeal was "frivolous and taken in bad faith." Id. at 2.

### d.     Jakubowski

On July 6, 2015, Martin filed a complaint against Judge Susan Jackubowski stating "Plaintiff is confused as to the documents allowed to Defendant during proceeding in case No SCS

---

[6] All ECF citations in this section refer to Martin v. James, No. 15-cv-02417-PJH (N.D. Cal. June 1, 2015).

6

131587." Martin v. Jakubowski, No. 15-cv-03119-JSW, ECF No. 1 (N.D. Cal. July 6, 2015).[7] Martin requested "to review audio testimony." Id. Martin alleged she was "charging the claim of a racially biased decision due to demography" and "also charging the claim of Equal Protection for or of the information used to decide case # SCS 131587." Id. Additionally, Martin alleged she "has been slandered as a liar." Id.

On September 10, 2015 the court denied Martin's request to proceed in forma pauperis. ECF No. 7. The court also dismissed the complaint under 28 U.S.C. § 1915(e)(2) with leave to amend because the facts were unclear and there were not sufficient allegations to state a claim. ECF No. 7 at 1–2.

On September 21, 2015 Martin filed an amended complaint. ECF No. 8. Martin did not sign the complaint as required by Federal Rule of Civil Procedure 11. Id. As of October 15, 2015, the court had not issued an order on Martin's amended complaint.

### e.   Khan

On July 23, 2015, Martin filed a complaint against Rubina Khan and Caminar Group. Martin v. Khan et al., No. 15-cv-03407-YGR, ECF No. 1 (N.D. Cal. July 23, 2015) ("Case 5").[8] The court denied Martin's request to proceed in forma pauperis without prejudice on July 30, 2015. ECF No. 6. On July 30, 2015, the court dismissed Martin's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) because Martin failed to state a legally cognizable federal claim. Id. at 2. On August 10, 2015, Martin filed a document titled "Plaintiff Asking the Court of Consider Facts Poverty and Allow Complaint," which the court found "largely unintelligible." ECF Nos. 7, 13. Martin filed an amended complaint on August 27, 2015. ECF No. 8. On September 3, 2015, the court held that it could not "determine the essential elements of any cognizable federal claim" and dismissed the amended complaint. ECF No. 13 at 2.

///

///

---

[7] All ECF citations in this section refer to Martin v. Jakubowski, No. 15-cv-03119-JSW (N.D. Cal. July 6, 2015).

[8] All ECF citations in this section refer to Martin v. Khan et al., No. 15-cv-03407-YGR (N.D. Cal. July 23, 2015).

**D.     Substantive Findings**

   **i.     Legal Standard**

The Ninth Circuit has held that the five-factor Safir test provides "a helpful framework for applying" factors three and four of the Ninth Circuit's four-factor standard—i.e., the frivolous or harassing nature of the plaintiff's litigation, and the narrow tailoring of any pre-filing order the court enters.  Molski, 500 F.3d at 1058.  The Safir test considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.

   **ii.     Safir Factors**

The history of litigation that Martin has initiated reveals a pattern of duplicative, frivolous lawsuits.  Although Martin is less prolific than some litigants who have been declared vexatious, see, e.g., De Long, 912 F.2d at 1147 (citing cases involving 35, "over 50," and "over 600" actions); Miles v. Makishima, No. 08-cv-4091-MMC, 2009 WL 2512022, at *1 (N.D. Cal. Aug. 14, 2009) (same); Abalos v. Greenpoint Mortg. Funding, No. 13-cv-00681-JST, 2013 WL 3243907, at *3 (N.D. Cal. June 26, 2013) (stating that a PACER database search using Plaintiff's name "reveal[ed] that he ha[d] filed at least 82 lawsuits in federal courts throughout the country"), a litigant may be vexatious when his or her duplicative suits are particularly frivolous or harassing.  See Ou-Young v. Roberts, No. 13-cv-4442-EMC, 2013 WL 6732118, at *9 (N.D. Cal. Dec. 20, 2013) (involving five cases and a misconduct proceeding); Boustred v. Gov't, No. 08-cv-00546-RMW, 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (based on "three actions containing similar rambling, largely incomprehensible claims").

Here, Martin's filing of multiple, successive lawsuits, attempting to challenge the same underlying conduct is duplicative and vexatious.  See Martin v. Wells Fargo Bank, No.12-cv-

00244-MEJ (N.D. Cal. Jan. 13, 2012); Martin v. Wells Fargo Bank, No. 13-cv-04022-HRL (N.D. Cal. Aug. 29, 2013); Martin v. Wells Fargo Bank, No. 14-cv-00081-MEJ (N.D. Cal. Jan. 6, 2014); Martin v. James, No. 15-cv-02417-PJH (N.D. Cal. June 1, 2015). Moreover, the Court finds that Martin's conduct is harassing because she has continued to file frivolous lawsuits against various defendants despite the fact that many, if not most, of her previous complaints have been screened for failure to state a legally cognizable federal claim. See, e.g., Martin v. Wells Fargo Bank, No. 13-cv-04022-HRL (N.D. Cal. Aug. 29, 2013); Martin v. Green Dot Corp., No. 14-cv-00206-YGR (N.D. Cal. Jan. 14, 2014); Martin v. Redwood City Library, No. 15-cv-01988-KAW (N.D. Cal. May 1, 2015); Martin v. Miller, No. 15-cv-02136-DMR (N.D. Cal. May 12, 2015); Martin v. James, No. 15-cv-02417-PJH (N.D. Cal. June 1, 2015); Martin v. Jakubowski, No. 15-cv-03119-JSW (N.D. Cal. July 6, 2015); Martin v. Khan et al., No. 15-cv-03407-YGR (N.D. Cal. July 23, 2015).

The apparent motivation for Martin's suits also weighs heavily in favor of finding frivolousness. Because her complaints are regularly dismissed, Martin cannot have had an objectively reasonable, good-faith expectation that she was likely to prevail in her subsequent suits.

Martin is not represented by counsel, which weighs against declaring her vexatious. But even an unrepresented litigant should understand after repeated attempts at challenging the same conduct that her claims are without merit and should not be pursued. Thus, this factor does not weigh strongly against declaring Martin vexatious.

Finally, Martin has placed an inordinate burden on the courts and on the defendants against whom she has brought suit. The record reflects that Martin regularly files non-meritorious, occasionally incoherent complaints that name defendants who have at times been immune from suit. Court personnel must spend significant time and taxpayer resources attempting to understand Martin's filings, resources that could otherwise be spent resolving the disputes of the many litigants who adhere to court rules and requirements. And each time Martin files an action, defendants must expend significant time and expense defending themselves against her frivolous conspiracy-theory-type claims.

The final <u>Safir</u> factor—whether other sanctions would be adequate to protect the courts and other parties—overlaps with the narrow tailoring analysis in the Ninth Circuit's four-factor test.

### E. Narrow Tailoring

This Order is narrowly tailored to meet only the goal of relieving this Court and other parties from having to respond to frivolous complaints that Martin may file in the future. Lesser sanctions are inadequate to protect the courts and other parties, because Martin has demonstrated her incapacity to follow the rules and requirements of this Court. Specifically, Martin's litigation history demonstrates that she has been unresponsive to the courts' repeated, clear indications that her complaints are without merit. Given this pattern of behavior, the Court finds that nothing less than a pre-filing order will prevent courts and potential parties from undertaking the burden of responding to Martin's non-meritorious complaints.

## III. CONCLUSION

For the foregoing reasons, the Court hereby enters the following pre-filing order:

1. Yohonia Martin is hereby barred from participating in the filing of any lawsuit, under this name or any of her aliases, either alone or with other plaintiffs, in the United States District Court for the Northern District of California, without first obtaining leave of court.

2. To obtain leave of court, Martin must seek leave in writing to file a new action, and must include with her request (a) a copy of the complaint she proposes to file, and (b) the following statement in capital letters on the first page of the request: **"THIS PLEADING IS SUBJECT TO AN ORDER REQUIRING LEAVE OF COURT TO FILE A NEW ACTION. PURSUANT TO THE ORDER OF THIS COURT IN CASE NUMBER 15-CV-03151-JST, THE DUTY JUDGE MUST DETERMINE WHETHER THIS SUBMISSION IS INTELLIGIBLE AND NON-FRIVOLOUS BEFORE IT CAN BE FILED."**

3. If Martin requests leave of court in the manner required by ¶ 2, the Clerk of Court shall refer his request to the duty judge, who shall determine whether it states a non-frivolous cause of action. If it does, the duty judge shall so advise the Clerk of Court, and the submission will be filed and assigned as if no pre-filing order were in place. If the duty judge determines that the submission is not intelligible, or is frivolous, the Clerk shall not file it and shall instead follow

the procedures in the following paragraph.

4. If Martin participates in the filing of a lawsuit without requesting leave of court, or requests such leave and is denied, the Clerk of Court shall not docket any such submission. The Clerk shall advise Martin and all other parties to the suit in writing that the submission has not been filed because Martin is not permitted to participate in lawsuits before this Court without receiving advance permission. No filing fee shall be accepted in that case.

5. This order shall not apply to any suit in which a licensed attorney represents Martin, or to any action in which Martin appears as a criminal defendant.

6. This order shall remain in effect until further order by this Court. Martin may petition for this order to be repealed after two years from the date of this order, but must demonstrate in any such request that she has entirely ceased her practice of filing frivolous complaints.

IT IS SO ORDERED.

Dated: December 29, 2015

_____
JON S. TIGAR
United States District Judge